UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-00072-GNS

ALLIE LEE                                                                                                      PLAINTIFF

v.

GEICO GENERAL INSURANCE COMPANY                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 7). The motion is ripe for adjudication. For the reasons stated below, the motion is **GRANTED**.

### I.     BACKGROUND

This action arises from a dispute over automobile insurance policy benefits relating to an automobile accident that occurred in Henderson County, Kentucky. (Compl. ¶¶ 5-6, DN 1-1). The alleged tortfeasor was insured by Defendant GEICO General Insurance Company ("GEICO"), and Plaintiff Allie Lee ("Lee") was a passenger in the tortfeasor's vehicle. (Compl. ¶¶ 3, 5).

On October 24, 2022, Lee filed suit in Henderson Circuit Court (Kentucky) against GEICO. On May 22, 2023, GEICO removed the action to this Court. (Notice Removal 1, DN 1). Lee has moved to remand the matter to state court due to the untimeliness of the removal. (Pl.'s Mot. Remand 1, DN 7).

### II.    STANDARD OF REVIEW

In relevant part, 28 U.S.C. § 1441 generally provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be

1

removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 18 U.S.C. § 1441(a). This statute is to be narrowly construed and was "adopted in order to restrict rather than expand the scope of removal from the state courts." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002) (internal quotation marks omitted) (citation omitted). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### III. DISCUSSION

In her motion, Lee seeks remand based on 28 U.S.C. § 1446(b). This statute generally requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

GEICO removed this matter based on diversity of citizenship, which requires the parties to be diverse and for the amount in controversy to be more than $75,000. (Notice Removal 2); 28 U.S.C. § 1332(a)(1). The parties do not dispute that they are diverse, but disagree as to when GEICO knew that the amount in controversy exceeded $75,000. (Pl.'s Mot. Remand 2; Def.'s Resp. Pl.'s Mot. Remand 3, DN). Because this matter was initially filed in Kentucky state court and Kentucky Rule of Civil Procedure 8.01(2) prohibits a plaintiff from stating the amount of unliquidated damages, the amount on controversy was not ascertainable from the face of the Complaint.

GEICO asserts that the amount in controversy only became ascertainable after Lee's counsel sent an email on May 16, 2023, making a settlement offer in the amount of $150,000. (Def.'s Resp. Pl.'s Mot. Remand 2). GEICO seeks to disregard prelitigation communications in

which GEICO sent a letter dated July 22, 2021, offering to settle the dispute for $81,536.50, and a subsequent telephone conversation on November 9, 2021, during which Lee's counsel rejected the settlement offer.[1]  (Def.'s Resp. Pl.'s Mot. Remand 4-5; Pl.'s Mot. Remand 2).  In addition, after the lawsuit was filed and more than thirty days before the Notice of Removal was filed, GEICO's counsel made a settlement offer of $95,000, which was also rejected.  (Notice Removal Ex. C, at 1-3, DN 1-3).

As this Court has noted, "a pre-litigation demand letter is relevant when determining whether a defendant knew that the amount in controversy exceeded $75,000, which would mean that the defendant's 30-day removal window under 28 U.S.C. § 1446 began when the complaint was received."  *Hunt as Next Friend of D.W. v. Frank*, No. 1:20-CV-00035-GNS, 2020 WL 1816056, at *2 (W.D. Ky. Apr. 9, 2020).  Thus, "even when the amount in controversy is not clear from the face of the complaint, a party's knowledge of alleged damages obtained through pre-litigation communications is relevant in determining whether sufficient notice for removal existed."  *Clark v. Kroger Ltd. P'ship I*, No. 5:15-CV-00189-GNS-HBB, 2015 WL 7871053, at *2 (W.D. Ky. Dec. 3, 2015) (citing *Mozee v. Dugger*, 616 F. Supp. 2d 672, 674 (W.D. Ky. 2009))).

In *Mozee v. Dugger*, plaintiff's counsel sent defendants a prelitigation settlement demand of $200,000 to the defendants, which was rejected.  *See Mozee*, 616 F. Supp. 2d at 673.  After litigation ensued, the plaintiff responded to a request for admissions that the amount in controversy exceeded $75,000.  *See id*.  The defendant then removed the action to federal court, and the plaintiff challenged the timeliness of the removal.  *See id*.

---

[1] Lee also contends that the provisions of the GEICO policy provided for benefits totaling $335,000, which purportedly put GEICO on notice of the amount in controversy.  (Pl.'s Mot. Remand 4).  She cites no authority, however, for the proposition that the policy limits are sufficient for determining the amount in controversy for the purposes of removal.

3

This Court noted that "[a] defendant's actual knowledge of facts is important as to whether the case is removable based upon the initial pleading. Any direct written communication or pleading can add an important factual context." *Id*. at 674. Despite the lack of a specific dollar amount in the complaint, this Court stated:

> Here, Defendants had actual knowledge of the full extent of Plaintiff's extensive injuries and monetary losses. From this information alone, Defendants could have successfully argued that the case could well exceed the jurisdictional minimum. Moreover, Defendants had actual knowledge that Plaintiff himself also valued the case well in excess of the jurisdictional amount. Based upon the complaint, Defendants concurrent knowledge of the accident, the injuries, the medical expenses and lost wages, as well as the contemporaneous request for admissions suggesting that Plaintiff would claim in excess of $100,000 for pain and suffering, this Court concludes that upon receiving the complaint Defendants were easily able to ascertain that it exceeded the minimum jurisdictional amount. Consequently, Defendants were under an obligation to remove under § 1446(b) to federal court within thirty days of its receipt, if they chose to do so at all.

*Id*. Due to the untimeliness of the removal, the matter was remanded to state court. *See id*.; *see also Bragg v. Ky. RSA # 9-10, Inc.*, 126 F. Supp. 2d 448, 450 (E.D. Ky. 2001) ("Defendants had actual knowledge that the Plaintiffs' damages clearly exceeded the statutory base level required for removal to federal court. This knowledge was acquired by the defendants as a result of their interaction with Plaintiffs prior to the filing of this lawsuit.").

In this instance, GEICO made a prelitigation settlement offer in excess of $75,000 reflecting GEICO's actual knowledge that claim exceeded the minimum jurisdictional limit. GEICO's post-litigation settlement offer of $95,000 also confirmed its belief, and GEICO did not remove this action until more than thirty days after that subsequent offer.

These facts establish that GEICO had actual knowledge that the amount in controversy exceeded $75,000 when this lawsuit was filed in state court, and more than thirty days before it filed the Notice of Removal. Because GEICO's Notice of Removal was untimely filed, this matter must be remanded to state court.

## IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (DN 7) is **GRANTED**, and this matter is **REMANDED** to Henderson Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

November 29, 2023

cc:     counsel of record
        Clerk, Henderson Circuit Court (Civil Action No. 22-CI-00599)

5